IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

FEB 19 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

SIMPSON PERFORMANCE PRODUCTS, INC. and SFI FOUNDATION, INC.
    Plaintiffs,

v.

ROBERT C. WAGONER and
DEREK RANDALL CATHCART
    Defendants.

[PROPOSED] ORDER
Jury Trial Demanded
Civil Case No.

5:15cv26-RLV

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

THIS MATTER having come before the Court on Plaintiffs' Motion For Temporary Restraining Order (TRO), Preliminary Injunction and Expedited Discovery ("Motion"), and having reviewed the papers and documents filed in support of and in opposition to (if any) the Motion, and being fully advised, the Court finds that Plaintiffs are likely to succeed on the merits of at least their Trademark (Lanham) Act claims; that Plaintiffs will suffer irreparable harm in the absence of injunctive relief; that the balance of hardships tips in favor of the Plaintiffs; and that the public interest will be served by an injunction.

Accordingly, the Plaintiffs are entitled to preliminary injunctive relief pursuant to Federal Rules of Civil Procedure 65, 15 U.S.C. 1116(a), and the inherent equitable powers of this Court, and Plaintiffs are hereby GRANTED:

(i) a temporary restraining order (TRO) prohibiting each Defendant from selling counterfeit head and neck restraints bearing Plaintiffs' trademarks in violation of the Trademark (Lanham) Act, and from altering the *status quo* of inventory and records, documents and things relating to the counterfeit head and neck restraints; and

(ii) a hearing for a preliminary injunction enjoining each Defendant from continuing to offer for sale or sell, distribute and/or advertise counterfeit head and neck restraints bearing Plaintiffs' trademarks in violation of the Trademark (Lanham) Act; and

(iii) expedited discovery relating to the counterfeit head and neck restraints, namely:

(1) the extent of Defendants' sales of Counterfeit Head and Neck Restraints;

(2) the identity and location of any source(s) of the Counterfeit Head and Neck Restraints;

(3) the identity and location of any purchasers of the Counterfeit Head and Neck Restraints; and

(4) the extent and location of any inventory of the Counterfeit Head and Neck Restraints.

Expedited discovery shall begin immediately following the Court's issuance of this ORDER, and responses to all reasonable discovery requests shall be made within ten (10) calendar days of service of such requests, and all depositions shall be scheduled within ten (10) calendar days of notice of such deposition.

_____ This TRO shall to take effect immediately and will expire fourteen (14) days from the issuance of this ORDER, OR

__✓__ This TRO shall remain in full force and effect pending a hearing on Plaintiffs' Motion For Preliminary Injunction on ___March 2___, 2015, unless sooner modified or dissolved.

_____ Bond in this case is waived because _____,

OR

__✓__ This TRO is conditioned on Plaintiffs filing a surety bond in the amount of $ 5,000⁰⁰ and in a form approved by the Court within _8_ days of the issuance of this ORDER. The bond shall serve as security for all claims with respect to the Preliminary Injunction, and any additional injunctive relief ordered by the Court in this action.

A hearing on Plaintiffs' Motion For Preliminary Injunction is set for ___March 2___, 2015, at __11:30__ (a.m.)/[p.m.].

The TRO is entered as of ___Feb. 19___, 2015, at __4:00__ [a.m.]/(p.m.)


This ORDER is entered and DATED this 19th day of ___February___, 2015, at __4__ [a.m] / (p.m.)

_____
Honorable:
United States District Court Judge
Western District of North Carolina