**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:15-CV-26**

| | |
|---|---|
| SIMPSON PERFORMANCE PRODUCTS, INC. AND SFI FOUNDATION, INC **Plaintiffs,** v. ROBERT WAGONER AND DEREK RANDALL CATHCART, **Defendants.** | **ORDER** |

**BEFORE THE COURT** are Plaintiffs' Motion for Preliminary Injunction (Doc. 2) and Defendants' Motion to Dismiss for Lack of Jurisdiction, (Doc. 26).

On February 18, 2015, Plaintiffs Simpson Performance Products, Inc. ("Simpson") and SFI Foundation ("SFI") instituted the instant action against Defendants Robert Wagoner and Derek Randall Cathcart, alleging trademark infringement, unfair competition, unfair and deceptive trade practices, patent infringement, and common law fraud.

On February 20, 2015, this Court granted Plaintiffs' Motion for Temporary Restraining Order. (Doc. 8). After two extensions, this Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. At the preliminary injunction, Defendants contested the jurisdiction of the Court. Subsequent to the hearing, Defendants renewed their objection and filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. 26). In the alternative, Defendants request that this Court transfer the case to the United States District Court for the Northern District of Indiana, Hammond Division. (*Id.*). Plaintiffs filed a response, (Doc. 27), to which Defendants replied, (Doc. 29).

I.  STANDARD OF REVIEW

1

"[T]he plaintiff has the burden of making a prima facie showing in support of its assertion of [personal] jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). In determining whether a plaintiff has met this burden, this Court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

This Court will solely determine whether personal jurisdiction is appropriate under the Due Process Clause because the North Carolina Supreme Court has held that its long-arm statute reaches to the limits of the Due Process Clause. *Id.*, *see also*, (Doc. 27, at 2) ("conced[ing] jurisdiction under the long arm statute (subject to the constitutionality issue) . . . .").

The Due Process Clause of the Fourteenth Amendment of the United States Constitution is satisfied for personal jurisdiction purposes if a defendant has "purposefully availed itself of the privilege of conducting business in the forum state" by establishing sufficient "minimum contacts such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Court notes that this case centers on internet-based activities. Significantly, the Fourth Circuit adopted and adapted the *Zippo* test in stating that:

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into

2

> the State with the manifested intent of engaging business or other
> interactions in the State thus creating in a person within the State a
> potential cause of action cognizable in courts located in the State.

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). "The flexibility of these factors allows a court to focus its attention on the ultimate question of whether a defendant, through its actions, has subjected itself to the sovereignty of the State such that a court in the State can lawfully subject that defendant to a judgment." *Unspam Technologies, Inc. v. Chernuk*, 716 F.3d 322, 328 (4th Cir. 2013).

A plaintiff may not manufacture jurisdiction by purposefully engaging in purchases. *Tamarian Carpets, LLC v. Ahmadi & Sons, Inc.*, No. CIV.A. GLR-12-2571, 2013 WL 3771375, at *5 n.3 (D. Md. July 16, 2013); *Regent Lighting Corp. v. Am. Lighting Concept, Inc.*, 25 F. Supp. 2d 705, 711 (M.D.N.C. 1997); *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 424 (E.D. Va. 1996).

The Complaint alleges that two individuals unrelated to Plaintiffs purchased products from Defendants via the internet that were purportedly defective and then delivered them to Plaintiff. *See* (Doc.1, at ¶¶ 18-19); *see also* (Doc. 1-2, at ¶¶ 4, 6). Then Plaintiffs' employees, both residents of North Carolina, purchased items from Defendants that were shipped directly to North Carolina. (Doc. 1, at ¶¶ 20, 26, 55, 67). There are allegations that Defendants have sold similar items over the internet to other individuals. (Doc. 1-2, at ¶ 11).

In accordance with the authority stated above, the Court does not consider the purchases initiated by Plaintiffs to determine whether personal jurisdiction exists for Defendants. The two other purchases were not made by North Carolina residents. (Doc. 28, at 6). Merely sending the items to states outside of North Carolina does not establish contacts with North Carolina sufficient to establish personal jurisdiction.

Plaintiffs, however, argue that the fact that the alleged counterfeit items were sent to North Carolina for repair (the only repair facility operated by Plaintiff Simpson is in North Carolina) grants sufficient contacts with North Carolina to satisfy due process. (Doc. 28, at 6-7). However, this does not amount to targeting North Carolina but rather constitutes an attenuated connection with North Carolina that does not satisfy the stream-of-commerce standards. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 392 (4th Cir. 2012).

Plaintiffs also argue that North Carolina's status as "the heart of NASCAR country" should justify hailing Defendants into courts in North Carolina because Defendants sell racing material. (Doc. 28, at 8). Plaintiffs did not cite any authority for this proposition nor is the argument persuasive. Accordingly, the Court rejects this argument.

Further, Plaintiffs' argue that Defendants' use of the website www.racingjunk.com to sell their alleged counterfeit items establishes a basis for jurisdiction. However, Plaintiff concedes that the website is passive. (Doc. 28, at 8). The single "contact" created through the website was initiated by a phone call from a Simpson employee. (*Id.*). The presence of racingjunk's advertising in North Carolina cannot establish personal jurisdiction in this case. The advertising of a third-party website that allows postings of this nature is too tangential to the poster (i.e., the Defendants) to support jurisdiction, especially when the advertising did not generate a contact that this Court will consider for personal jurisdiction purposes.

Accordingly, the Court is left with three options. First, it could dismiss for lack of personal jurisdiction. Second, it could allow for jurisdictional discovery. Third, it could transfer the case to the United States District Court for the Northern District of Indiana, Hammond Division. The Court is satisfied that the third option would best serve the interests of all parties for the following reasons.

District courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs. Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). The Court notes that Plaintiff is advocating two incongruous positions: at the same time, Plaintiff is requesting jurisdictional discovery and a preliminary injunction. The Court is not inclined to grant a preliminary injunction before resolving the jurisdictional question. The fact that the harm is purportedly so great as to justify an interlocutory injunction tends to show that the increased time needed for jurisdictional discovery and supplemental motions regarding personal jurisdiction would be better spent litigating the merits of this case.

A court may still transfer a case even if personal jurisdiction is lacking in the transferor court. *Wellmore Coal Corp. v. Gates Learjet Corp.*, 475 F. Supp. 1140, 1142 (W.D. Va. 1979) (citing 28 U.S.C. § 1406).

Undoubtedly, Plaintiffs' choice of forum should be given great weight. *Celgard, LLC v. LG Chem Am., Inc.*, 3:14-cv-43, 2015 WL 687156, at *5 (W.D.N.C. Feb. 18, 2015). However, less weight is given when the majority of the infringement occurs throughout the United States and the infringing material is created predominantly in another jurisdiction. *See id.* Plaintiff Simpson is a resident of both Texas and North Carolina. (Doc. 1, at ¶ 1). Plaintiff SFI is a citizen of California. (*Id.* at ¶ 2). Both Defendants are residents of Indiana, (*Id.* at ¶¶ 3-4), and allegedly engage in their counterfeiting business there. Of course, additional cost of transporting witnesses may result from a transfer; however, the relative size of Plaintiffs and the fact that only a single Plaintiff is a resident of North Carolina tends to show that any inconvenience would not be disproportionately burdensome. Further weighing in favor of transfer and against granting jurisdictional discovery is the status of the instant case. Transfer allows the parties to avoid

5

largely meaningless discovery and to focus on the merits of the case faster.[1]  In addition, the interests of justice are served by having an enforceable judgment in a transferee court that has jurisdiction.  Accordingly, the Court transfers this case to the Northern District of Indiana, Hammond Division.

**IT IS, THEREFORE, ORDERED THAT:**

(1) The Court does not have personal jurisdiction over Defendants;

(2) Plaintiffs' Request for Jurisdictional Discovery is Denied; and

(3) The case is transferred to the Northern District of Indiana, Hammond Division pursuant to 28 U.S.C. § 1406.

Signed: May 8, 2015

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge

---

[1] The Court notes that the Western District of North Carolina had a median time interval of 9.1 months from filing to disposition for civil cases during the period ending March 31, 2014.  Table C-5, *Federal Judicial Caseload Statistics 2014*, *available at* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx.  The Northern District of Indiana had a median of 11 months during the same time period.  *Id.*  Even though the statistics show that the Northern District of Indiana may be somewhat slower than this district, the cost and time saving gains made by both parties avoiding jurisdictional and supplemental briefing justify the instant transfer.